(1)
9/26/00
TH

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO JR.

vs.

U.S.A., etal., WARDEN
OF L.S.C.I. ALLENWOOD

1: CV 00-1714
CASE NO.

FILED
SCRANTON
SEP 26 2000
PER [signature]
DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. 2241

NOW COMEs the above named and states the following reasons, why this Honorable Court should grant said herein requested releif.

1. The named defendant/petitioner has challenged the case put into question within the state of Rhode Island Courts. See attached denial from the States Supreme Court dated November 19th, 1999.

2. The sentenced the defendant/petitioner is serving under 18 U.S.C. 924(e)(1) ACCA has been enhanced by the constitutionally invalid sentence that was imposed by the State of Rhode Island. Case No. P2/78-535/99-120 C, dismissed November 19th, 1999, Post Conviction Relief.

3. The present case the Honorable District Court herein has Jurisdiction under the Claim of Custody, due to the fact the conviction that is being called into question is one of the three priors for the 18 U.S.C. 924(e)(1) ACCA. The U.S.A. has used to enhance petitioner/defendants sentence in U.S. vs. Craveiro 907 F2d 260 (1st Cir. 1990). The petitioner is still in custody and incarcerated within the state of Pennsylvania at this time because of the constitutionally invalid sentence of the State of Rhode Island (Jurisdiction). See Custis vs. U.S. 511 U.S. 485 (1994)

and Maleny vs. Cooks, Supra 490 US at 497, also see Young vs. Vaughn 83 F3d 72-78 (3rd Cir.), Abraham vs. Young 117 S.Ct. 333 (1996), Morgan 426 US 637 (1976), US vs. Allard 926 F3d 1237, 47 (1st Cir. 1997), Marshall vs. Lonberger 459 US 422, 436 (1983).

4. The defendant/petitioner is being illegally held due to the State case being put into question and was never given a proper plea colloguy under Boykin vs. Alabama 395 U.S. 238, 243 (1969). First and foremost the illegal sentence is a nullity in law, that cannot be used to enhance any sentence. The second rationale is the State of Rhode Island has more than ten statutes for braking and entering (daytime, nighttime, home, building, ship, train, etc.) which all call for a different sentence by statue. To date defendant/petitioner was never informed to which of the charges he was sentenced on due to the fact he was never given a proper colloquy. Either by mistake or in error, this creates an ambiguity, which would create an "aura of impropiety" to the plea colloquy. This being so would make the sentence illegal then the petitioner could not have fully understood the colloquy even if one might had been given. In any ambiguity the "Rule of Lenity" would be applicable under Bifulco vs. U.S. 447 US 381-387 100 S.Ct. 2247, 2253, 65 L.Ed 2d 205 (1980). This nullity in law in conjunction with the lack of said plea colloquy should be resolved in petitioners favor.

5. This Honorable Court may have a question of the one year time limit to file the herein 2241, but it has only been some ten months since the State of Rhode Island State Supreme Court dismissed said Post Conviction on November 19th, 1999. See copy of date and time of dismissal. Through no fault of petitioners or through no due

dilligence of petitioner has he not tried to receive his due process rights under the state constitution and the U.S. of America Constitution, and under (A.E.D.P.) 2244(d)(2), which reads the time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore the record and exhibits show that infact the trial judges failure to conduct a colloquy has caused the petitioner/ defendant not to have made a knowing and voluntary waiver to his rights, making the sentence and conviction in the state court constitutionally invalid. Thus the U.S.A. cannot use to enhance petitioner's sentence in U.S. vs. Craveiro, Case No. 88-0073-P.

The petitioner respectfully requests this Honorable Court for a hearing on this matter at once or when this Court can fit petitioner to its callender/

Respectfully Submitted,

Joseph M. Craveiro Jr.
Reg. No. 02630-070

**CERTIFICATION**

I, hereby certify that I have served a true copy of the herein to the named respondents.

8/20/00
Date

Signed

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO JR.

vs. CASE NO. ____________

USA, ETAL., WARDEN
OF L.S.C.I. ALLENWOOD

## AFFIDAVIT IN SUPPORT OF 2241 MOTION

I, Joseph M. Craveiro Jr. hereby states under the pains and penalties of perjury, as follows:

1. I am the movant in the above entitled cause and make this affidavit in support of herein motion.

2. On or about October 17, 1978, I was criminal informationed by the states attorney general's office for violations of the general law's within the state's statues. Breaking and entering, see attached to this affidavit as Exhibit (A).

3. At the time of said criminal information, defendant/petitioner, was in prison awaiting trial for said charges.

4. I was never arraigned for said charges by the district court to the best of my belief.

5. Petitioner was appointed counsel from the Rhode Island's Public Defenders office and appeared before the superior court for a hearing.

6. At the time and date in question of 11/17/78, the defendant/ petitioner was in front of the Honorable Judge Mackenzie, who at that time sentenced said defendant to a probation on some of the charges, suspended some of the charges and ran one year jail time to run with a sentence defendant was doing (CA-72-611) with all

counts to run concurrently with each other.

7. As defendant/Petitoner, states in his petition he was never informed at the plea hearing of the facts of the charges of the offense of conviction or read the required colloquy in open court.

8. The charges that are being called into question, the named defendant was not guilty of them then and now. Counsel had coerced petitioner to plea with the lie of that the charges would not be on my record after probation was ended.

Wherefore, I state all the foregoing facts based upon my own belief, that all statements contained herein are ture and correct, to the best of my knowledge.

Respectfully Submitted,

Joseph M. Craveiro Jr.

CERTIFICATE OF SERVICE

I, hereby state that I have mailed a true copy to respondents on this date.

8/20/00
Date

Signed

c-115

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND ..................PROVIDENCE.................. S.C.

vs.

JOSEPH M. CRAVEIRO, alias John Doe

JEFFREY N. LATENDRESSE, alias John Doe

Criminal Information No. P2/78-535

## CRIMINAL INFORMATION

The Attorney General of the State of Rhode Island charges:

That JOSEPH M. CRAVEIRO, alias John Doe, and JEFFREY N. LATENDRESSE, alias John Doe, both of Providence County, on or about the 14th day of December, 1977, at North Smithfield, in the County of Providence, did enter the dwelling house of Alan Ryan with intent to commit larceny therein in violation of §11-8-3 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1969).

COUNT 2

That JOSEPH M. CRAVEIRO, alias John Doe, of Providence County, on or about the 14th day of December, 1977, at North Smithfield, in the County of Providence, did have in his possession a screwdriver, an implement adapted and designed for cutting through, forcing, breaking open and entering a building, room, vault, safe and other depository in order to commit the crime of breaking and entering, knowing the same to be adapted and designed for the purposes aforesaid, with intent to use and employ it for such purpose in violation of §11-8-7 of the General Laws of Rhode Island 1956, as amended (Reenactment of 1969).

COUNT 3

That JEFFREY N. LATENDRESSE, alias John Doe, of Providence
County, on or about the 14th day of December, 1977, at North
Smithfield, in the County of Providence, did have in his
possession a chisel, an implement adapted and designed for
cutting through, forcing, breaking open and entering a
building, room, vault, safe and other depository in order to
commit the crime of breaking and entering, knowing the same
to be adapted and designed for the purposes aforesaid, with
intent to use and employ it for such purpose in violation of
§11-8-7 of the General Laws of Rhode Island 1956, as amended
(Reenactment of 1969).

COUNT 4

That JOSEPH M. CRAVEIRO, alias John Doe, and JEFFREY N.
LATENDRESSE, alias John Doe, both of Providence County, on
or about the 14th day of December, 1977, at North Smithfield,
in the County of Providence, did steal a firearm, to wit
a 6.35 mm Berretta automatic pistol, Serial #4258C, from
Alan Ryan, in violation of §11-47-5.1 of the General Laws
of Rhode Island, 1956, as amended (Reenactment of 1969).

COUNT 5

That JOSEPH M. CRAVEIRO, alias John Doe, of Providence
County, on or about the 14th day of December, 1977, at North
Smithfield, in the County of Providence, did have in his
possession and under his control a firearm, to wit, a 6.35mm
Berretta automatic pistol, Serial #4258C, and was previously
convicted in the Commonwealth of Massachusetts of a crime of




COUNT 6

That JOSEPH M. CRAVEIRO, alias John Doe, of Providence
County, on or about the 14th day of December, 1977, at North
Smithfield, in the County of Providence, did without a license
carry a pistol, to wit, a 6.35 mm Berretta automatic pistol,
Serial #4258C, on and about his person, in violation of
§11-47-8 of the General Laws of Rhode Island, 1956, as
amended (Reenactment of 1969).

    Against the form of the statute in such case made and provided and
against the peace and dignity of the state.

SPECIAL ASSISTANT ATTORNEY GENERAL
Designated by the Attorney General

 STATE OF RHODE IS AND PROVIDENCE PLANTATIONS
HOPE

Superior Court
Providence/Bristol County
OFFICE OF THE CLERK
250 Benefit Street
Providence, R.I. 02903

July 19, 1995

Joseph M. Craveiro, Jr.
PO Box 8000
Bradford, PA 16701-0980

Dear Mr. Craveiro:

In response to your letter, I have enclosed a civil cover sheet and summons.

There is no form for Post Conviction Relief. You must prepare that petition yourself, and there is no filing fee required.

Sincerely,

Pasco Picano

Pasco Picano
Administrative Clerk

PP:k
Enclosures: (civil cover sheet/summons)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATION

PROVIDENCE,S.C.

JOSEPH M CRAVEIRO JR. P2/535

VS Civil,no.97-2

STATE OF RHODE ISLAND

NOTICE OF MOTION

To,Clerk

Please take notice that the undersigned,will bring the above Motion to Vacate Sentence under Rule 60,(b),for hearing before this court at Providence County,courthouse,on the next day for the calling of Motion's or soon thereafter,as Plaintiff/Petitioner,can be heard.

If there is some question of Jurisdiction,the herein is invoking Rule 82,(c) of the Rhode Island Rules of Civil Procedure.

Respectfully Submitted

Joseph M Craveiro Jr.Pro,Se.

Rec'd 4/9/98 Prov. Superior Ct.

Please Stamp time date And send back S.A.S.E. Thank you.

Due date 5/7/98 to ANSWER

STATE OF RHODE ISLAND AND PROVIDENCE PLATATIONS

Joseph M Craveiro Jr.

Vs

STATE OF RHODE ISLAND

P2/78-535

Civil No.97-2769

MOTION TO VACATE SENTENCE
UNDER RULE,60(b).

Now comes the named above,Who request this Honorable court to vacate the named herein sentence and sets forth the following in support therefore.

1.The defendant /Petitioner was coerced,by appointed counsel,that he was pleading nolo to the charges and that he would receive probation and at the end of said probation,he would not have a record for said charges.

2.The defendant/Petitioner,was never Informed at the plea hearing with the facts or exact charges of offence of conviction.

3. The defendant/Petitioner,was never given the required plea colloquy,in order to enter a Knowing and Voluntary waiver of his basic Constitutional rights in open Court.

4.The charges that are being called into question the named defendant/Petitioner,is not guilty of them then and Now.

5. The named Petitioner/defendant had filed a Post Conviction Motion under R.I.P.C.R.10-9.1-1on 6/2/97,but it seems that said Statue is not available to challenge the Conviction at hand,So defendant/Petitioner is requesting that this Honorable court accept the herein Motion and that this Honorable Court hear this Matter at once.

Wherefore ,The defendant respectfully request this Honorable court to grant the herein Motion under the Rhode Island Rules of Civil Procedure.

Respectfully Submitted

Joseph M Craveiro Jr.
02630-070-1-B
P.O.BOX.8000
Bradford P.a. 16701-0990

CERTIFICATE OF SERVICE

I hereby Certify that I have mailed a true copy of the herein Motion to the States Attorney's Generals office ,75,Pine St. Providence R.I. 02903

4/6/98

STATE OF RHODE ISLAND AND PROVIDENCE PLATATIONS

Joseph M Craveiro Jr.

Vs

STATE OF RHODE ISLAND

P2/78-535

Civil No.97-2769

AFFIDAVIT IN SUPPORT

MOTION UNDER,RULE 60(B)

I,Joseph M Craveiro Jr.,Hereby State under the Pain's and Penalties of Perjury,as following.

1.I am the Movant in the above entitled cause and make this affidavit in support of the herein Motion.

2.On or about November 17.1978,I was criminal informationed by the States Attorney General's office,for violations of 11-8-3,general Laws of Rhode Island,1956,as amended,(renactment of 1969) and also 11-8-7,an 11-47-5.1 an 11-47-5.an 11-47-8,of R.I.general Rules of Law,See a copy attached.to this affidavit,as Exhibit(A).

3.At the time of said Criminal Information,defendant/Petitioner,was in prison at the A.C.I.awaiting trial for said charges.

4.I was never arraigned for said charges by the district court to the best of my belief.

5. I was appointed counsel and appeared before the superior court for a hearing.

6.At the time and date in question of 10/17/78,the defendant/Petitioner,was in front of the Honorable Judge Mackenzie,Who at that time sentenced said defendant to probation on some of the charges,suspended some of the charges and ran one year jail time to run with a sentence defendant was doing,C.a.72-611,with all counts to run Concurrently with each other.

7.As defendant/Petitioner,Stated in his Motion,he was never Informed at the plea hearing of the facts of the charges of the offence of conviction or read the required Colloquy in open Court.

8.The charges that are being called into question,the named defendant is not guilty,of them then and now.

9.Due to this unconstitutional Conviction,defendant/Petitioner's Current federal sentence has been aggravated under,a statutory Career Criminal Enhancement,under,18,USC.924,(e)(1) in violation of Boykin Vs.Alabama,395,U.S.238,23Led2,248 and Mckuty.433,f2d,591-92,Custis,Vs.U.S.A.511,US.128,Led2,517.

10. In the interest of justice and providing the federal court with a reliable Judgement,which reflects the accuracy of defendant's prior Sates Conviction,I am requesting this Honorable Court to reopen said Matter and allow me to withdraw my plea or to Vacate said sentence and provide me with a New plea hearing or trial.

Wherefore,I state all the forgoing facts based upon my own belief,that all statements contained herein are true and correct,to the best of my Knowedge.

I respectfully request this Honorable Court to grant the herein Motion under the Rules.

RESPECTFULLY SUBMITTED

Joseph M Craveiro Jr.
02630-070-1-B
P.O.BOX.8000
Bradford P.a. 16701-0990

CERTIFICATE OF SERVICE

I hereby state that I have mailed a true copy of the herein' Motion and Affidavit to the States attorney General office on this date, 4/16/98

USP TERRE HAUTE

First Deg.: If the building entered is a dwelling or if defendant is armed with burglar's tools or a dangerous weapon or if he causes or threatens physical injury to another. [Up to 20 years.]

Arson: By fire or explosives, intentionally damages protected property of another or any property of his own or another if his act recklessly places another in physical danger or endangers another's property. [Up to 20 years.]

Second Deg.: By fire or explosion intentionally damages building of another that is not protected property. [Up to 5 years.]

*NOTE:* Protected property is defined as any structure, place, or thing customarily occupied by people.

## PENNSYLVANIA

Burglary: At any time, willfully and maliciously, enters occupied building with intent to commit any felony. [Up to $25,000 and/or up to 20 years.]

Arson—First Deg.: Intentionally starts fire or explosion and thereby places another in danger of death or bodily harm. [Up to 20 years and/or up to $25,000.]

Second Deg.: Starts a fire or causes an explosion with the intent of destroying a building or occupied structure of another; by starting a fire or explosion, recklessly places a structure or building of another in danger; intends to defraud an insurance company. [Up to 10 years and/or up to $25,000.]

## RHODE ISLAND

**Burglary: Not defined.** [Life or term not less than 5 years.]

Breaking and entering any bank, shop, etc., public building, vessel, in nighttime with intent to commit murder, rape, robbery or larceny. [Up to 10 years.]

Break and enter at day or night any dwelling house, occupied or not. [Up to 3 years and/or up to $300.]

Enter any dwelling, day or night, with intent to commit murder, rape, robbery, arson or larceny; or with such intent, during the day, enter any other building, ship or vessel. [Up to 10 years and/or up $500.]

Arson: Not defined. [1 year to life.]

Wrongfully or maliciously sets fire or aids the burning of any dwelling or dynamites, etc., the burning whereof is not arson at common law; or wrongfully sets fire to, dynamites, etc. any building not a dwelling. [2 to 20 years.]

Burning, etc., of personal property of another of value of $25. [1 to 3 years.]

ne. — Every per- ghttime without ot or confined any poultry, shall be 5 years, or by a or by both. Every ing any building of poultry, with without a warrant police officer or a complaint can e be taken on a ention without a four (24) hours. shall inure to the

s. Arrest generally.

1-41-9.

rceny at common law. 168, 184 A. 494 (1936).

urglar tools. — nected with the ion any engine, ment of any kind breaking open or sitory, in order to ommit any other d for the purpose same to be used not more than ten

1, § 42; G.L. 1938, ch. 11-8-7.

NOTES TO DECISIONS

ANALYSIS

1. Burglar tools defined.
2. Indictment.

**1. Burglar Tools Defined.**

Though a flashlight could not be used to break and enter, evidence as to the possession thereof was admissible to show intent in the possession of other tools. State v. Widenski, 50 R.I. 148, 146 A. 407 (1929).

In prosecution for possession of burglar tools, testimony of carpenter as to what use could be made of the tools was admissible. State v. Moore, 106 R.I. 92, 256 A.2d 197 (1969).

**2. Indictment.**

Where indictment charged defendant with possession of implements for opening and entering a building "in order to steal money for other property therefrom" but did not mention "or to commit any other crime" and trial justice in its instructions read both the statute and the indictment to the jury and there was evidence of other criminal activity, it was necessary that the jury be able to understand from the instructions that the state had the burden to prove the intent to steal money or other property beyond a reasonable doubt. State v. O'Rourke, — R.I. —, 399 A.2d 1237 (1979).

---

**Collateral References.** Validity, construction and application of statutes relating to burglars' tools, 33 A.L.R.3d 798.

**11-8-8. Injury or death — Defense.** — In the event that any person shall die or shall sustain a personal injury in any way or for any cause while in the commission of any criminal offense enumerated in §§ 11-8-2 through 11-8-6, inclusive, it shall be presumed as a matter of law in any civil or criminal proceeding, that the owner, tenant or occupier of the place wherein the offense was committed, acted in self-defense at the time and in the place where the death of the person or the injury to the person was inflicted, caused or sustained; provided, however, that said presumption shall be rebuttable.

**History of Section.**
**As enacted by P.L. 1976, ch. 216, § 1; P.L. 1977, ch. 17, § 1.**

NOTES TO DECISIONS

ANALYSIS

1. Burden of proof.
2. Instructions.

**1. Burden of Proof.**

When a defendant produces some evidence of self-defense, the burden falls on the state to disprove this defense beyond a reasonable doubt. State v. Caron, — R.I. —, 423 A.2d 823 (1980).

As in the defense of self-defense, the plea of justification in defense of a third person, if raised by defendant must be negated by the state beyond a reasonable doubt, provided the defense is supported by sufficient evidence to raise a factual issue. State v. Caron, — R.I. —, 423 A.2d 823 (1980).

**2. Instructions.**

Due process requires that the jury must receive clear instructions that the prosecution must persuade them beyond a reasonable doubt that the killing was not in self-defense once the defendant produces evidence of self-defense. State v. Caron, — R.I. —, 423 A.2d 823 (1980).



**History of Section.**
Amended by P.L. 1978, ch. 57, § 1.

**11-8-6. Entry to steal poultry — Arrest — Fine.** — Every person who breaks and enters, or enters in the nighttime without breaking, any building or enclosure, wherein are kept or confined any kind of poultry, with intent to steal any of said poultry, shall be punished by imprisonment for not more than five (5) years, or by a fine of not more than five hundred dollars ($500), or by both. Every person who is discovered in the act of wilfully entering any building or enclosure wherein are kept or confined any kind of poultry, with intent to steal any of said poultry, may be arrested without a warrant by a sheriff, deputy sheriff, constable, watchman, police officer or other person and detained in jail or otherwise until a complaint can be made against him for the offense, and until he be taken on a warrant issued upon such complaint; but said detention without a warrant shall not continue more than twenty-four (24) hours. one-half (½) of any fine imposed under this section shall inure to the complainant.

**History of Section.**
G.L., ch. 345, § 26, as enacted by P.L. 1912, ch. 853, § 1; P.L. 1915, ch. 1258, § 11; G.L. 1923, ch. 397, § 26; G.L. 1938, ch. 608, § 26; **G.L. 1956, § 11-8-6.**

**Cross References.** Arrest generally, §§ 12-7-1 to 12-7-19.
Theft of poultry, § 11-41-9.

NOTES TO DECISIONS

1. **"Steal."**
The word "steal" is used to approximate or describe the act of larceny at common law. State v. Smith, 56 R.I. 168, 184 A. 494 (1936).

**11-8-7. Making, repairing, or possessing burglar tools.** — Whoever makes or mends, or does any work connected with the making or reparation of, or has in his possession any engine, machine, tool, false key, pick lock, nippers, or implement of any kind adapted and designed for cutting through, forcing, breaking open or entering a building, room, vault, safe, or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ, or allow the same to be used or employed, for such purpose, shall be imprisoned not more than ten (10) years.

**History of Section.**
P.L. 1896, ch. 302, § 1; G.L. 1909, ch. 349, § 42; G.L. 1923, ch. 401, § 42; G.L. 1938, ch. 608, § 8; **G.L. 1956, § 11-8-7.**

Case 1:00-cv-01714-WWC-PT Document 1 Filed 09/26/2000 Page 18 of 26

ne 1981 reenactment
"paraphernalia."

ious intent. —
sexual assault.
house or apart-
uch intent shall,
or vessel, shall
d not more than
e and imprison-

1209, § 1; G.L. 1938,
§ 11-8-3; P.L. 1978,
ch. 50, § 1.

nd the value of what is
State v. Johnson, 116
(1976).

ng witness saw defen-
in good light while he
identified him two days
of three men, in-court
vitiated by mere fact
shown pictures of defen-
before trial State v.
57, 270 A.2d 921 (1970).

11-8-2 and 11-8-3 as a
the legislature thus
ms by using them in con-
v. Neary, — R.I. —, 404
on prior to 1980 amend-

ce, public build-
Every person who
r warehouse, not
y meeting house,
ollege, academy,
for public use or
or vessel, in the
obbery or larceny,

History of Section.
G.L. 1896, ch. 279, § 8; G.L. 1909, ch. 345, § 8; G.L. 1923, ch. 397, § 8; G.L. 1938, ch. 608, § 8; **G.L. 1956, § 11-8-4.**

Cross References. Additional penalty for carrying arms while committing offense, §§ 11-47-3, 11-47-20.

NOTES TO DECISIONS

Analysis

1. Night.
2. Instructions.
3. Requirements.

**1. Night.**

Where break-in occurred after 5:03 a.m. and sunrise was at 5:32 a.m., the break-in could not have been in the "nighttime" as charged, since under the inference arising from § 31-24-1 it would have been light enough at such time to see a distance of 500 feet. State v. Mollicone, 95 R.I. 59, 182 A.2d 612 (1962).

**2. Instructions.**

There was no error in refusing to instruct the jury to acquit defendant if they found that at the time he broke and entered a cafe he was too intoxicated to form the necessary criminal intent, where the only evidence on such defense was that he had, prior to closing of the cafe, ordered one drink, most of which the proprietor had poured out because he had failed on demand to finish it before closing time. State v. Amaral, 108 R.I. 755, 279 A.2d 428 (1971).

**3. Requirements.**

Neither an allegation of ownership of the building entered nor proof thereof is necessary in a prosecution under this section; all that is required is that there be sufficient identification of the premises (1) to inform the defendant of the charge against him so that he may prepare his defense, and (2) to protect him against double jeopardy. State v. Murphy, 107 R.I. 737, 271 A.2d 310 (1970).

**11-8-5. Breaking and entering other buildings with criminal intent — Railroad cars.** — Every person who shall break and enter or enter in the nighttime, with intent to commit larceny or any felony or misdemeanor therein, any barn, stable, carriage house, or other building, for the breaking and entering or entering of which with intent aforesaid no punishment is otherwise prescribed by this title, and every person who shall at any time break and enter or enter any railroad car or break any lock or seal thereon with intent to commit larceny or other crime, shall be imprisoned not exceeding ten (10) years.

History of Section.
G.L. 1896, ch. 279, § 10; P.L. 1897, ch. 454, § 1; P.L. 1908, ch. 1568, § 1; G.L. 1909, ch. 345, § 10; P.L. 1922, ch. 2233, § 1; G.L. 1923, ch. 397, § 10; G.L. 1938, ch. 608, § 10; **G.L. 1956, § 11-8-5.**

Cross References. Additional penalty for carrying arms while committing offense, §§ 11-47-3, 11-47-20.

**11-8-5.1. Unlawful breaking and entering of business place, public building or ship during the daytime.** — Every person who shall break and enter any bank, shop, office or warehouse, not adjoining to or occupied as a dwelling house, any meeting house, church, chapel, courthouse, town house, college, academy, schoolhouse, library or other building erected for public use or occupied for any purpose or any ship or vessel during the daytime, shall be imprisoned not more than three (3) years or fined not more than three hundred dollars ($300), or shall suffer both such fine and imprisonment.

J.T.B.

(3)

**History of Section.**
**As assigned, P.L. 1[illegible] 234, § 1.**

**Compiler's Notes.** The [illegible]eenactment corrected the spelling of "[illegible]rnalia."

**11-8-3. Entry of building or ship with felonious intent.** — Every person who, with intent to commit murder, sexual assault, robbery, arson or larceny, shall enter any dwelling house or apartment at any time of the day or night, or who with such intent shall, during the daytime, enter any other building, or ship or vessel, shall be imprisoned not more than ten (10) years or be fined not more than five hundred dollars ($500) or suffer both such fine and imprisonment.

**History of Section.**
G.L. 1896, ch. 279, § 9; G.L. 1909, ch. 345, § 9; P.L. 1922, ch. 2233, § 1; G.L. 1923, ch. 397, § 9; P.L. 1926, ch. 1209, § 1; G.L. 1938, ch. 608, § 9; G.L. 1956, § 11-8-3; P.L. 1978, ch. 288, § 1; **P.L. 1980, ch. 50, § 1.**

NOTES TO DECISIONS

ANALYSIS

1. Constitutionality.
2. Intent to commit larceny.
3. Identification.

**1. Constitutionality.**
This section is not unconstitutionally vague and overbroad. State v. Perry, 118 R.I. 89, 372 A.2d 75 (1977).

**2. Intent to Commit Larceny.**
All that is required under the entry with intent to commit larceny portion of the statute is an intent to steal and the value of what is taken is immaterial. State v. Johnson, 116 R.I. 449, 358 A.2d 370 (1976).

**3. Identification.**
Where the prosecuting witness saw defendant for a few seconds in good light while he was in her home and identified him two days later in a police line-up of three men, in-court identification was not vitiated by mere fact that the witness was shown pictures of defendant several days before trial. State v. Giragosian, 107 R.I. 657, 270 A.2d 921 (1970).

DECISIONS UNDER PRIOR LAW

**1. Apartments.**
An indictment which charged the defendant with entering an apartment intending to commit larceny was quashed for failure to charge an offense under § 11-8-3 as the terms "apartment" and "dwelling house" were used with specificity by the legislature in originally drafting §§ 11-8-2 and 11-8-3 as a single statute, and the legislature thus distinguished the terms by using them in contrasting ways. State v. Neary, — R.I. —, 404 A.2d 65 (1979) (decision prior to 1980 amendment).

**11-8-4. Breaking and entering business place, public building, or ship at night with felonious intent.** — Every person who shall break and enter any bank, shop, office or warehouse, not adjoining to or occupied as a dwelling house, any meeting house, church, chapel, courthouse, town house, college, academy, schoolhouse, library or other building erected for public use or occupied for any public purpose or any ship or vessel, in the nighttime, with intent to commit murder, rape, robbery or larceny, shall be imprisoned not exceeding ten (10) years.

313- (4)

32

ERING

entering other build- criminal intent — rs.
king and entering of lace, public building ing the daytime.
poultry — Arrest —

iring, or possessing ols.
n — Defense.

ommit burglary an five (5) years.

to commit, § 11-5-1.
tration of burglary,

slation. Burglary: 53a-100 — 53a-106. ch. 266, §§ 14-20.

tate v. O'Rourke, — R.I. 979).
in the nighttime broke n was used as a dwelling partment partially broke an adjoining drugstore, viction for burglary since nt to commit a felony ntent was to commit the re. State v. O'Rourke, — 37 (1979).

ry paraphernalia as sub- urglary, or robbery, 51

of burglary charge, where is made with consent, 93

ealing the stolen property, burglary be convicted of.

ellate court of punishment irt. 29 A.L.R. 322, 332; 89

Retaking of money lost at gambling as robbery or larceny, 77 A.L.R.3d 1363.

Sufficiency of showing that burglary was committed at night. 82 A.L.R.2d 643.

**11-8-2. Unlawful breaking and entering of dwelling house.** — Every person who shall break and enter at any time of the day or night any dwelling house or apartment, whether the same is occupied or not, or any outbuilding or garage attached to or adjoining any dwelling house, without the consent of the owner or tenant of such dwelling house, apartment, building, or garage, shall be imprisoned for not less than one (1) year and not more than five (5) years or fined not more than two thousand dollars ($2,000) or shall suffer both such fine and imprisonment.

**History of Section.** G.L., ch. 397, § 9, as enacted by P.L. 1928, ch. 1209, § 1; G.L. 1938, ch. 608, § 9; G.L. 1956, § 11-8-2; **P.L. 1978, ch. 288, § 1; P.L. 1980, ch. 154, § 1.**

**Cross References.** Additional penalty for carrying arms while committing crime, §§ 11-47-3, 11-47-20.

NOTES TO DECISIONS

1. **Apartments.**
An indictment which charged the defendant with entering an apartment intending to commit larceny was quashed for failure to charge an offense under former § 11-8-3 as the terms "apartment" and "dwelling house" were used with specificity by the legislature in originally drafting §§ 11-8-2 and 11-8-3 as a single statute, and the legislature thus distinguished the terms by using them in contrasting ways. State v. Neary, — R.I. —, 404 A.2d 65 (1979).

---

**Collateral References.** Opening closed but unlocked door as breaking which will sustain charge of burglary or breaking and entering. 23 A.L.R. 112.

Outbuildings or the like as part of "dwelling house." 43 A.L.R.2d 831.

"Outhouse" or "outbuilding," what is, within the meaning of statutes as to breaking and entering. 20 A.L.R. 236.

Vacancy or nonoccupancy of building as affecting its character as a "dwelling" as regards burglary. 85 A.L.R. 428.

**11-8-2.1. Breaking and entering of dwelling with possession of incendiary instruments.** — Every person who shall break and enter at any time of the day or night, any dwelling house or apartment, whether the same is occupied or not, or any out building or garage attached to or adjoining any dwelling house or apartment, without the consent of the owner or tenant of such dwelling house, apartment, building, or garage, and who shall have in his possession any instrument or instrumentality or equipment of any kind that is reasonably related to the wrongful setting of fires shall be punished by imprisonment for not more than ten (10) years. The term "possession" shall mean in the actual or constructive control or custody of such person while in such dwelling. The term "wrongful" shall exclude those items which are ordinarily used for the lighting of smoking paraphernalia.



# CHAPTER 8

## BURGLARY AND BREAKING AND ENTERING

SECTION.
11-8-1. Burglary.
11-8-2. Unlawful breaking and entering of dwelling house.
11-8-2.1. Breaking and entering of dwelling with possession of incendiary instruments.
11-8-3. Entry of building or ship with felonious intent.
11-8-4. Breaking and entering business place, public building, or ship at night with felonious intent.
11-8-5. Breaking and entering other buildings with criminal intent — Railroad cars.
11-8-5.1. Unlawful breaking and entering of business place, public building or ship during the daytime.
11-8-6. Entry to steal poultry — Arrest — Fine.
11-8-7. Making, repairing, or possessing burglar tools.
11-8-8. Injury or death — Defense.

**11-8-1. Burglary.** — Every person who shall commit burglary shall be imprisoned for life or for any term not less than five (5) years.

**History of Section.**
G.L. 1896, ch. 279, § 7; G.L. 1909, ch. 345, § 7; G.L. 1923, ch. 397, § 7; G.L. 1938, ch. 608, § 7; **G.L. 1956, § 11-8-1.**

**Cross References.** Additional penalty for carrying arms while committing offense, §§ 11-47-3, 11-47-20.

Assault with intent to commit, § 11-5-1.

Killing in perpetration of burglary, § 11-23-1.

**Comparative Legislation.** Burglary:
**Conn.** Gen. Stat. § 53a-100 — 53a-106.
**Mass.** Ann. Laws, ch. 266, §§ 14-20.

### NOTES TO DECISIONS

**1. Elements of Offense.**

It is elementary that the offense of burglary does not necessarily include stealing or theft either at common law or by the statutes. C. & G. Mfg. Co. v. Columbia Ins. Co., 89 R.I. 62, 150 A.2d 641 (1959).

The burglary statute incorporates the common-law definition of that crime which has been defined as "breaking and entering the dwelling house of another in the nighttime with the intent to commit a felony therein, whether the felony be actually committed or not." State v. O'Rourke, — R.I. —, 399 A.2d 1237 (1979).

Where defendant in the nighttime broke into apartment which was used as a dwelling and from inside the apartment partially broke through a wall into an adjoining drugstore, there could be no conviction for burglary since there was no intent to commit a felony "therein" since the intent was to commit the felony in the drugstore. State v. O'Rourke, — R.I. —, 399 A.2d 1237 (1979).

---

**Collateral References.** Breaking and entering of inner door of building as burglary, 43 A.L.R.3d 1147.

Building or house defined for purpose of burglary statutes, 78 A.L.R.2d 778.

Burglary or breaking and entering of, 79 A.L.R.2d 286.

Burglary without breaking. 23 A.L.R. 288.

Entrapment to commit crime. 18 A.L.R. 155; 66 A.L.R. 487; 86 A.L.R. 263.

Entry through partly opened door or window as burglary, 70 A.L.R.3d 881.

Gambling or lottery paraphernalia as subject of larceny, burglary, or robbery, 51 A.L.R.2d 1396.

Maintainability of burglary charge, where entry into building is made with consent, 93 A.L.R.2d 531.

Receiving or concealing the stolen property, may participant in burglary be convicted of. 136 A.L.R. 1087.

Reduction by appellate court of punishment imposed by trial court. 29 A.L.R. 322, 332; 89 A.L.R. 302.



**NOTICE**: Pursuant to Rule 16(h) of the Supreme Court Rules of Appellate Procedure, this order will not be published and may not be cited as authority.

**Supreme Court**

No. 99-120-C.A.
(PM 97-2769)

Joseph M. Craveiro, Jr. :

v. :

State of Rhode Island. :

**ORDER**

The defendant, Joseph M. Craveiro, Jr., appeals pro se from the denial of his motion to expunge a 1978 conviction. After a conference before a single justice of this Court, this case was referred to the full Court at a session in conference for possible disposition without further briefing or argument. We proceed to decide the case at this time pursuant to Rule 12A(6)(b) of the Rules of Appellate Procedure.

In October 1978, defendant pled nolo contendere to several charges, including breaking and entering, possession of an unlicensed firearm, and possession of burglary tools. Defendant received suspended sentences with probation for some of the counts and incarceration for other counts. The incarceration was ordered to be served concurrently with a sentence he was then serving for a probation violation for a previous offense.

In June 1997, defendant, acting pro se, filed the present action for post conviction relief, asserting constitutional violations in his 1978 conviction. Subsequently, counsel was appointed to represent defendant. Through his counsel, defendant filed a motion to expunge his 1978

conviction. The hearing justice denied the motion to expunge upon hearing from defendant's counsel that defendant was then incarcerated in federal prison in Pennsylvania.

On appeal defendant argues that his rights were violated when his attorney did not proceed on the motions which defendant had previously filed pro se. Defendant asserts that his counsel did not adequately represent him when his counsel filed a motion to expunge. Finally, defendant argues that the hearing justice violated his rights by not holding a full hearing on the motion to expunge.

Under § 12-1.3-2(a), "[a]ny person who is a first offender may file a motion for the expungement of all records and records of conviction for a felony or misdemeanor * * *." This statute is unambiguous and must be applied literally. State v. Alejo, 723 A.2d 762, 764 (R.I. 1999) (per curiam).

We conclude that based on the defendant's own admission he is not a first time offender and, thus, is not eligible for expungement of the 1978 conviction. The motion judge did not need to conduct any further evidentiary proceedings because it was clear from representations made by defense counsel that defendant was not eligible for expungement of his 1978 conviction.

The other issues raised by defendant are not properly before this court. An issue not raised before the hearing judge is not properly preserved for appellate review. See State v. Donato, 592 A.2d 140, 141 (R.I. 1991). The defendant may have other recourse for his assertions of constitutional violations in his 1978 conviction and his assertions of ineffective assistance of counsel, but these issues are not currently before this court for review.

Therefore, the defendant's appeal is denied and dismissed. The papers may be remanded to the Superior Court.

Entered as an Order of this Court this **19th** day of **November, 1999**.

By Order,

Brian B. Burns
Clerk Pro Tempore

CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO. PM1997 2769 TYPE POST CONVICTION RELIEF
TITLE: JOSEPH M. CRAVEIRO JR VS. STATE OF RHODE ISLAND
FILING DATE 06-05-1997 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

CRAVEIRO,JOSEPH M JR PLF Pro,Se AOR
STATE OF R I BDF Attorney,General AOR

| DOC ID | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| EGL | 06-09-1997 | Israel,Richard J | | |
| DETERMINATION OF ATTORNEY | | | | |
| REFERRED TO PUBLIC DEFENDER DEFT. IS IN BRADFORD, PA. | | | | |
| JB | 07-21-1997 | | | |
| POST CONVICTION RELIEF | | | | |
| PLF IS IN PRISON IN PA. | | | | |
| EGL | 10-20-1997 | | | |
| LETTER FILED | | | | |
| LAM | 02-18-1998 | | | |
| LETTER FILED | | | | |
| JM | 02-23-1998 | | | |
| AFFIDAVIT FILED | | | | |
| AFF OF INDIGENCY | | | | |
| EGL | 04-09-1998 | | | |
| NOTICE FILED | | | | |
| NOTICE OF MOTION | | | | |
| JB | 05-22-1998 | | | |
| OBJECTION FILED | | | | |
| STATE'S OBJECTION TO DEF'S MOTION - NO HEARING DATE AND NO MOTION FILED AS OF 5/22/98 | | | | |

DOCKET EVENT LISTING

TITLE: JOSEPH M. CR[illegible]IRO VS STATE OF R.I. FILE NO: 199806[illegible]
APPEAL DATE: 11-18-1998 DOCKET NO.: 1999 120 DOCKET DATE: 03-17-199[illegible]
APP. TYPE: CRIMINAL APPEAL AGENCY: PROV SUP. C
LOWER CRT NO.: PM972769 ADD'L CASE NO.:

| | | | |
|---|---|---|---|
| CRAVEIRO, JOSEPH M. | PLA | CRAVEIRO, JOSEPH M. | PRI |
| STATE | BDE | Weisman, Aaron L | AGS |
| | | McGinn, Virginia M. | AGS |

| DATE | ACTION | OUTCOME | DATE | STAGE |
|---|---|---|---|---|
| 11-18-1998 | NOTICE OF APPEAL FILED | | | BEFORE DOCKE |
| 03-17-1999 | PAPERS AND TRANSCRIPT FILED. | | | BEFORE FIRST |
| 03-17-1999 | RULE 12 PRE BRIEF NOTICE SENT | | | |
| 03-18-1999 | RULE 12 PRE BRIEF NOTICE SENT | | | |
| 04-01-1999 | PLTF APPELLANT PRE BRIEF FILED | | | |
| 04-12-1999 | TRANSCRIPT WITHDRAWN | | | |
| 04-13-1999 | PLAINTIFFS MOTION TO EXTEND. | GRANTED | 04-28-1999 | |
| 04-13-1999 | TRANSCRIPT RETURNED | GRANTED | 04-28-1999 | |
| 04-26-1999 | DEFT APPELLEE PRE BRIEF FILED | | | |
| 05-10-1999 | OBJECTION TO MOTION FILED | | | |
| 06-16-1999 | PRE BRIEFING CONF HELD<br>Shea, Donald F Hon | | | |
| 06-22-1999 | ORDER PREBRIEF TO COURT CONFER | | | |
| 06-30-1999 | LETTER FILED<br>STATUS OF CASE. | | | |