ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, JR.　　　　:
　　　　Petitioner　　　　　　　:　No. 1:CV-00-1714
　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　:　(Judge Caldwell)
　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA;　　　:
WARDEN OF L.S.C.I. ALLENWOOD, :
　　　　Respondents　　　　　　 :



## RESPONSE TO THE PETITION FOR HABEAS CORPUS

This is habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Joseph M. Craveiro, Jr., who presently is confined at the Low Unit of S.C.I. Allenwood. Craveiro is challenging a federal sentence he received in the United States District Court for the District of Rhode Island.

On November 22, 2000, the Court ordered the Clerk to serve the habeas petition and directed respondents to respond to the habeas petition within twenty days. As discussed more fully below, the §2241 habeas corpus petition actually raises a claim that can be raised only by a §2255 motion. Accordingly, the habeas petition should be dismissed.

### Statement of Facts

In 1989, Craveiro was indicted in the United States District Court for the District of Rhode Island at No. 89-2043 for violation of 18 U.S.C. §922(g). Upon conviction, Craveiro received

an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. §924(e)(1). Petition; United States v. Craveiro, 907 F.2d 260 (1st Cir. 1990).

Craveiro appealed this sentence to the First Circuit Court of Appeals. Craveiro did not contest the sentencing court's findings that he had the three qualifying convictions to warrant an enhanced sentence. Craveiro did challenge, however, the sufficiency of the notice provided to him by the government in seeking the enhanced sentence. Craveiro, 907 F.2d at 262-65. Craveiro's sentence was affirmed. Id.

In his habeas petition, Craveiro argues that one of the underlying convictions used to enhance his federal sentence, a Rhode Island state conviction for breaking and entering, is a nullity because of deficiencies occurring in his state plea colloquy. Thus, Craveiro argues that the state conviction cannot be used to enhance his federal sentence and, presumably, that his federal sentence under the Armed Career Criminal Act should be vacated.

## ISSUE PRESENTED

Should the habeas petition be dismissed in that Craveiro is improperly attempting to challenge his criminal sentence under 28 U.S.C. §2241, when he can do so only under 28 U.S.C. §2255?

ARGUMENT

THE HABEAS PETITION SHOULD BE DISMISSED IN THAT CRAVEIRO IS IMPROPERLY ATTEMPTING TO CHALLENGE HIS CRIMINAL SENTENCE UNDER 28 U.S.C. §2241, WHEN HE CAN DO SO ONLY UNDER 28 U.S.C. §2255.

Craveiro has brought this habeas petition under 28 U.S.C. §2241, to challenge his federal sentence under the Armed Career Criminal Act. Petition, at 1-3. Craveiro cannot challenge his federal sentence under §2241 but, rather, must proceed under 28 U.S.C. §2255. Accordingly, the habeas petition should be dismissed.

A. **The Statutory Framework For Federal Post-Conviction Relief**.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Application of Gallant, 437 F.2d 1164, 1165 (3rd Cir. 1971).

The reason for this rule is due to the venue provisions governing §2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas

3

corpus under 28 U.S.C. §2241. This proved unmanageable in that §2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions (such as the Middle District of Pennsylvania) were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted 28 U.S.C. §2255, <u>to require</u> collateral review of convictions and sentences of federal prisoners to occur pursuant in the district of the criminal trial court via a §2255 motion. <u>In re Dorsainvil</u>, 119 F.3d at 249.

Section 2255 motions now are the *exclusive* means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 683 (3rd Cir. 1954). Accordingly, §2241

4

habeas corpus petitions by federal prisoners are "now reserved for rare cases." In re Dorsainvil, 119 F.3d at 251 (emphasis added).[1]

B.  **Craveiro Cannot Seek Collateral Review of His Federal Sentence Through a §2241 Habeas Corpus Action.**

Applying the above principles to the case at bar, Craveiro's §2241 action should be dismissed for lack of jurisdiction. See Application of Gallant, 437 F.2d at 1165 (a district court does not have jurisdiction under §2241 to hear a federal prisoner's collateral challenge to his conviction or sentence). Craveiro clearly is challenging the validity of his federal sentence imposed by the United States District Court for the District of Rhode Island. This he can do only through a §2255 motion in the district court where he was convicted. In re Dorsainvil, 119 F.3d at 251; Application of Gallant, 437 F.2d at

---

[1] The *only* exception, i.e. when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective to test the legality of ... detention. 28 U.S.C. §2255; Davis, 417 U.S. at 343, In re Dorsainvil, 119 F.3d at 251; In re Vial, 115 F.3d at 1194. This exception is known as the "safety-valve" clause of §2255 and *must* be construed *strictly*. In re Dorsainvil, 119 F.3d at 251 (collecting cases). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision,... or because an individual is procedurally barred from filing a §2255 motion...." In re Vial, 115 F.3d at 1194 n.5 (citations omitted). See also In re Dorsainvil, 119 F.3d at 251; Bradshaw, 86 F.3d at 166; Leguillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997). We note that Craveiro makes no allegations that §2255 is inadequate and ineffective and the habeas petition does not reveal any such deficiency.

5

1165.[2]   Accordingly, Craveiro's §2241 claim concerning the calculation of his criminal sentence should be dismissed.

### Conclusion

For the above-stated reasons, the habeas petition should be dismissed for lack of jurisdiction.[3]

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*[signature]*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY GRANT
Paralegal Specialist
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Date:   December 12, 2000

---

[2] To the extent Craveiro is attempting to challenge his Rhode Island **state** conviction, then Craveiro needs to file a §2254 motion so that the State of Rhode Island can address his arguments. Even then, Craveiro cannot do so until he first exhausts his available state remedies, which it appears he has not done. (While Craveiro states that the Rhode Island State Supreme Court has denied him relief, the order he has attached reflects only that the State Supreme Court denied Craveiro's motion for expungement. See Craveiro v. State of Rhode Island, No. 99-120-C.A. (PM 97-2769) (Nov. 19, 1999 R.I. S.Ct.)(attached to Craveiro's habeas petition).

[3] Should the Court believe that any issues asserted by petitioner are properly raised in a §2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the District of Rhode Island, which prosecuted Clarke, can prepare a response to the merits of any such claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, JR. :
    Petitioner : No. 1:CV-00-1714
 :
v. : (Judge Caldwell)
 :
UNITED STATES OF AMERICA; :
WARDEN OF L.S.C.I. ALLENWOOD, :
    Respondents :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 12th day of December, 2000, she served a copy of the attached

### RESPONSE TO THE PETITION FOR HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Joseph M. Craveiro, Jr.
Reg. No. 02630-070
LSCI Allenwood
Box 1000
White Deer, PA 17887-1000

                                      KATE L. MERSHIMER
                                      Assistant U.S. Attorney