*see at*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, JR.,            :
                                    :
        Petitioner                  :
                                    :
    v.                              :   CIVIL NO. 1:CV-00-1714
                                    :
USA, et al.,                        :   (Judge Caldwell)
                                    :
        Respondents                 :

### ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

FILED
HARRISBURG, PA

FEB 2 7 2001

MARY E. D'ANDREA, CLERK
PER_____
            DEPUTY CLERK

    On September 26, 2000, Joseph M. Craveiro, Jr. an inmate at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Before the court is the petitioner's motion for appointment of counsel.

    Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas corpus proceeding, a court does have broad discretionary power

to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).

A court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the pro se petitioner's ability to investigate facts and present claims. Reese, 946 F.2d at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), or when the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or when

---

1. Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible."  18 U.S.C. § 3006A(a)(2)(1996).

2

the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In this case, there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, petitioner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

3

AND NOW, this 27th day of February, 2001, it is ordered that the Petitioner's motion for appointment of counsel (doc. 13) is denied.

                                        */s/ William W. Caldwell*
                                        WILLIAM W. CALDWELL
                                        United States District Judge

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                   * * MAILING CERTIFICATE OF CLERK * *

                          February 27, 2001


Re:  1:00-cv-01714     Craveiro v. USA



True and correct copies of the attached were mailed by the clerk
to the following:


     Joseph M. Craveiro
     LSCI-ALLENWOOD
     Low Security Correctional Inst.
     02630-070
     P.O. Box 1000
     White Deer, PA  17887

     Kate L. Mershimer, Esq.
     U.S. Attorneys Office
     Room 217, Federal Bldg.
     228 Walnut St.
     Harrisburg, Pa  17108




cc:
Judge                         ( )                ( ) Pro Se Law Clerk
Magistrate Judge              ( )                ( ) INS
U.S. Marshal                  ( )                ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen   ( )   PA Atty Gen ( )
                                      DA of County  ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____( )
                                                  MARY E. D'ANDREA, Clerk
```

DATE: 2/27/01                                      BY: _____
                                                   Deputy Clerk