# ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT

OF PENNSYLVANIA

C.A. NO. Cv-00-1714

JOSEPH M CRAVEIRO JR.

    VS. PETITIONER,

UNITED STATES OF AMERICA, et,al,

    RESPONDENTS.

**FILED**
HARRISBURG, PA

APR 2 3 2001

MARY E. D'ANDREA. CLERK
Per _____
     Deputy Clerk

## MOTION TO COMPLE

Now comes the above named petitioner,Who respectfully request this Honorable court to Issue an Order to the named herein Attorney, One Mr. David C. Moretti,of the State of Rhode Island address,1076 Reservoir Ave. Cranston R.I. 02910. This request is so the named herein Counsel answer the first set of Interrogatories in accordance to F.R,C.P. Rule 33 and states the following.

A.The petitioner on 3/16/01 served a copy of the interrogatories on the Attorney Mr. Moretti Via,U.S. Mail and gave him 30,Days to answer.

B. It has now been some 30,odd,days since this request has been mailed to the named counsel,and his failure to resopnd.

Wherefore the above named petitioner respectfully request this Honorable court to Issue a Order of Compelling the named to answer, said first set of interrogatories at once.

Respectfully Submitted

Mr.Joseph M Craveiro Jr.
Reg,No.02630-070
P.O.BOX.1000
White Deer   Pa.17887

## CERTIFICATE OF SERVICE

I,Joseph M Craveiro Hereby states that I have mailed a true copy of the herein Motion to comple to the named herein Counsel. 4/19/01

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

No. CV-00-1714

JOSEPH M. CRAVEIRO JR., PETITIONER **ORIGINAL**

v.

UNITED STATES OF AMERICA: et al, RESPONDENTS

**FILED**
HARRISBURG, PA

APR 2 3 2001

FIRST OF INTTERROGATORIES

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

NOW comes the above named Petitioner who respectfully moves this Honorable to Compel Attorney Mr. David C. Moretti to answer the following question(s), Pursuant to the Provisions of F.C.R.P., in writing, and under Oath within (30) thirty days herein of the following Interrogatories.

1.) Please state your full name, what you do for employment, and how long you have worked in that field.

2.) Please state what Law School you Graduated from and in what year.

3.) Please state if in fact you ever worked for the Rhode Island Public Defenders Office as a Defense Counsel, and if so, during what Year(s).

4.) Please state if you can recall having the herein named Petitioner Assigned to your Caseload when you worked as a Public Defender. ( C.A. No.P/2-78-535)

5.) If your answer to question (5) five is yes, please state for what Charge(s) did you represent the Herein named Petitioner and what was the Disposition of said Case.

6.) Please state if you can recall as working as a Public Defender was it a Common practice for you or your office to Plea a Defendant to a "NOLO CONTENDERE" Plea?

7.) If you answered yes to the above question, as a Lawyer, can this Plea be used in the Future as an admission in further Court Proceedings elsewhere?

8.) If your answer to question (7) seven was yes Please state if you would inform the Defendant that said Plea could be used against

(1)

8.) continued from previous page:

Him/Her in the future, year(s) after the Plea?

9.) Please state was it a Common practice between 1977-78, in the R.I. Courts for a Judge to give a "Plea Colloquy" to a Defendant at time of Sentencing?

10.) Do you know of any previos time at Sentencing, while representing a Client in R.I. Courts that the Judge did not give a Plea Colloquy to a Defendant?

11.) If your answer to question 10 is yes Please state if it was Common Practice, or Uncommon, in the State of Rhode Island Superior Courts ?

12.) Pleas state if a Defendant was to Plea to Nolo Contendere to an Offense and was given a Sentence of Probation, would Said Charge be on his Record, and if so would you inform your Client of this Before he/she would Plea?

13.) Is it Common practice for the State of R.I. to use a Bill of Information, and not a Grand Jury Indictment when charging a Defendant to an Offense that by State Statute calls for more than a Year and a day?

14.) If your answer to the above question (13) was yes, as a Lawyer what, if any defense would you take to preserve your Client's Rights under the State, and United States Constitution, Respectively would be Protected?

15.) Would you move to Dismiss the "Information" Pursuant to R.I. G.L. Rule (7); Would you Request a Bill of Particulars Under Rules of the R.I.G.L.;  Would a Defendant have to be advised to Forfeit His/Her Rights , and Waive them in Writing, under R.I.G.L. to Plea to an "Information", not an Indictment?

16.)As appointed Counsel in State v. Craveiro Jr. (P/2-78-535), Do you remember/Recall if you Moved the Court for Dismissal Under the Rules of the said Information, had the Defendant Waive his Rights to a Grand Jury Indictment in Open Court, or in writing?

17.)If your answer to  question (16) was yes, then why is there NOT any showing in the Court Records?

18.) Do you believe that a Defendant can Knowingly and Voluntarily

(2)

Page Question (18) continued;

18). Waive His/ Her Rights under the State Constitution and U.S.
Constitution by Signing a Piece of Paper?

                                    Respectfully Submitted,


                                    Joseph M. Craveiro Jr.
                                    02630-070
                                    L.S.CI. Allenwood
                                    P.O. BOX  1000
                                    White Deer, Pa.  17887

Dated: 03/16/01

cc: Inmate file
    Court Clerk