UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO,              :
                                 :
            Petitioner           :
                                 :   CIVIL NO. 1:00-CV-1714
       v.                        :
                                 :   (Judge Caldwell)
USA, et al.,                     :
                                 :
            Respondents          :

                                     FILED
                                     HARRISBURG, PA

                                     JUN 1 3 2001

M E M O R A N D U M                  MARY E. D'ANDREA, CLERK
                                     PER_____
                                           DEPUTY CLERK

I.     Introduction.

       Petitioner, Joseph M. Craveiro, an inmate at FCI-Allenwood, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the validity of a 1989 federal sentence he received for being a convicted felon in possession of a firearm. Named as respondents are the United States of America and the warden at Allenwood. In his petition, Craveiro claims that the sentence was improperly enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), by a 1978 Rhode Island conviction obtained by an unconstitutional guilty plea.

       Because petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, the petition will be dismissed. His pending motions

for discovery, for an evidentiary hearing, and to compel will be dismissed as moot.[1]

II.     Background.

In 1989, Craveiro was convicted in the United States District Court for the District of Rhode Island under 18 U.S.C. § 922(g) for being a convicted felon in possession of a firearm. Before sentencing, the government submitted a notice that it intended to seek an enhanced sentence under the ACCA based on three prior convictions. The court accepted the government's position and enhanced the sentence, ultimately imposing a seventeen-year sentence. See United States v. Craveiro, 907 F.2d 260 (1990).

One of the three prior convictions was a 1978 Rhode Island conviction for breaking and entering. Petitioner claims that this conviction was unconstitutional because it was obtained by an invalid guilty-plea colloquy. Specifically noting that he is invoking § 2241 and not § 2255, Craveiro challenges that conviction in these proceedings as a way of attacking his federal sentence. He claims that he has:

---

[1] Because the petition will be dismissed on the ground that § 2241 is not an available remedial device, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before disposing of the petition. Craveiro will not lose any opportunity he may have to file a § 2255 motion as a result of this action, although, as discussed below, he may already be otherwise procedurally barred from pursuing such an action.

-2-

> "no other choice but to come into this Honorable court under 2241, As a question of being held illegal with in the custody of the B.O.P. by virtue the Justice department holding petitioner because of the illegally invalid Prior State conviction, were the USA sentence has been improperly enhanced on the basis of said charge."

(Doc. 9 at p. 2).

Craveiro asserts that he has unsuccessfully challenged his federal sentence under § 2255 by filing two previous 2255 motions. Specifically, he contends he "challenged the USA's case ... for violations of 18 U.S.C. § 922(g)" by filing a § 2255 petition. (Doc. 9, ¶ 6). See Craveiro v. United States, 134 F.3d 361 (1st Cir. 1998) (unpublished disposition). He also claims to have filed a "new" § 2255 petition in 1991. See Craveiro v. United States, 958 F.2d 361 (1st Cir. 1992) (unpublished disposition).[2]

III.   Discussion.

Craveiro's § 2241 petition attacks the validity of his federal sentence on the basis that the prior Rhode Island breaking-and-entering conviction used to enhance his sentence was allegedly invalid due to deficiencies that occurred in his state guilty-plea colloquy. Petitioner cannot use § 2241 to present this claim.

---

[2] The issues raised in these § 2255 motions are unknown and there is no indication that the issue raised in this petition was raised in either of these previous motions. In any event, we need not ascertain the grounds raised previously to dispose of the current petition.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Indeed, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902 (10th Cir. 2000) (unpublished disposition at 2000 WL 1595967) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," 28 U.S.C. § 2255, may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. "It has long been the rule of this circuit that 'the remedy by motion [under § 2255] can be "inadequate or ineffective to test the legality of . . . detention" only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(citing United States ex rel Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). See also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam) (same).

-4-

It has been held that the fact that a prior § 2255 motion has been denied does not render the remedy inadequate or ineffective. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966)(per curiam). Nor do statutory limitations on filing second or successive § 2255 motions establish the inadequacy or ineffectiveness of the remedy. See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); Davenport, 147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."); Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petition to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding

-5-

would effectively eviscerate Congress's intent in amending § 2255.").

Further, that a petitioner's § 2255 motion may be barred by the one-year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Higgs v. Hobbs, 2000 WL 284277, at *3 (S.D. Ala. 2000); Ambrosio v. United States, 2000 WL 109009, at *2 (S.D.N.Y. 2000).

Although Craveiro asserts that "he has no other choice but to come into this Honorable court under 2241" because he is being illegally held by virtue of an "invalid prior state conviction" used to "improperly enhance" his federal sentence, (doc. 9, p. 2), this does not make it so. He does not demonstrate that his remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his current federal confinement. While it appears a § 2255 motion challenging the validity of Craveiro's sentence might now be barred by the one-year statute of limitations, such a procedural bar, as noted above, does not render the § 2255 remedy inadequate or ineffective.

Further, Craveiro's claim does not fall within the narrow exception outlined in Dorsainvil in which § 2241 relief would be available. In Dorsainvil, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an

-6-

intervening change in substantive law made no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251. Craveiro has not alleged that a change in substantive law has made him innocent of the federal charge against him. Therefore, § 2241 relief is not an available remedial device for him.

Even if we could consider Craveiro's claim on the merits, he would not be entitled to relief. In <u>Daniels v. United States</u>, ___ U.S. ___, 121 S.Ct. 1578 (2001), the Supreme Court held that, with the exception of a conviction obtained in violation of the right to counsel, a federal inmate may not use § 2255 to collaterally attack a state conviction that was used to enhance a federal sentence. There is no reason not to apply this holding to Craveiro's § 2241 petition. In his filing, petitioner complains about the adequacy of a guilty-plea colloquy that occurred during the 1978 Rhode Island proceedings. Craveiro was represented by counsel during those proceedings. <u>Daniels</u> dictates that the claim is not cognizable here. <u>See also</u> <u>Thomas v. United States</u>, No. 3:CV-00-1664 (M.D. Pa., May 31, 2001)(C.J. Vanaskie).

In sum, Craveiro is not entitled to use § 2241 to challenge the validity of the state conviction used to enhance his federal sentence. That § 2255 relief is unavailable to him now, or that he is dissatisfied with the results of his prior § 2255 motions, does not mean that § 2255 did not provide adequate or effective relief.

Accordingly, Craveiro's § 2241 petition will be dismissed. An appropriate order follows.

_____
WILLIAM W. CALDWELL
United States District Judge

Dated: June 13, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, :
:
    Petitioner :
: CIVIL NO. 1:00-CV-1714
    v. :
: (Judge Caldwell)
USA; WARDEN LSCI ALLENWOOD :
:
    Respondents :
:

FILED
HARRISBURG, PA

JUN 13 2001

MARY E. D'ANDREA, CLERK
PER _____
    DEPUTY CLERK

O R D E R

    AND NOW, this 13th day of June, 2001, it is ordered that:

    1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed.

    2. Petitioner's motion for discovery (doc. 10), motion for evidentiary hearing (doc. 12), motion to compel (doc. 15), and motion to compel with interrogatories (doc. 16) are dismissed as moot.

    3. The Clerk of Court is directed to close this case.

                                    /s/ William W. Caldwell
                                    WILLIAM W. CALDWELL
                                    United States District Judge

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                       June 13, 2001
```

Re:  1:00-cv-01714     Craveiro v. USA

True and correct copies of the attached were mailed by the clerk to the following:

```
    Joseph M. Craveiro
    LSCI-ALLENWOOD
    Low Security Correctional Inst.
    02630-070
    P.O. Box 1000
    White Deer, PA  17887

    Kate L. Mershimer, Esq.
    U.S. Attorneys Office
    Room 217, Federal Bldg.
    228 Walnut St.
    Harrisburg, Pa  17108
```

```
cc:
Judge                        (✓)           (✓) Pro Se Law Clerk
Magistrate Judge             ( )           ( ) INS
U.S. Marshal                 ( )           ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (✓)
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen  ( )    PA Atty Gen ( )
                                      DA of County ( )    Respondents ( )
Bankruptcy Court             ( )
Other_____ ( )
                                             MARY E. D'ANDREA, Clerk
```

DATE: _____6/13/01_____          BY: _____/s/_____
                                     Deputy Clerk