ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, JR. :
    Petitioner : No. 1:CV-00-1714
     :
v. : (Judge Caldwell)
     :
UNITED STATES OF AMERICA; :
WARDEN OF L.S.C.I. ALLENWOOD, :
    Respondents :

FILED
HARRISBURG

JUL - 3 2001

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

RESPONDENTS' BRIEF IN OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION

This action involves a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Joseph M. Craveiro, Jr. Craveiro challenged a federal sentence he received in the United States District Court for the District of Rhode Island.

On June 13, 2001, the Court denied the habeas petition concluding that the fact that 28 U.S.C. §2255 might be unavailable to petitioner to raise a successive §2255 motion did not render §2255 "inadequate or ineffective" so as to permit petitioner to challenge his conviction under §2241.

On June 25, 2001, petitioner filed a motion for reconsideration. Petitioner claims that the Court made an error of law in failing to properly apply Daniels v. United States, ___ U.S. ___, 121 S.Ct. 1578 (2001), and Lackawanna County District Attorney

v. Coss, ___ U.S. ___, 121 S.Ct. 1567 (2001). This brief is filed in opposition to petitioner's motion.

## Argument

A Rule 59(e) motion for reconsideration, Fed. R. Civ. P. 59(e), is to be used only to correct manifest errors of law or fact or to present newly discovered evidence not discovered previously that might affect the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Knapp v. Lane, 859 F.Supp. 173 (E.D. Pa. 1994). "As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998)(collecting cases).

A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion; nor is it to provide the parties with an opportunity for a second bite at the apple. Database America, Inc. v. Bellsouth Advertising and Publishing Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (citations omitted); see also Glendon Energy

2

Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993)(a motion for reconsideration is <u>not</u> properly grounded on a request that a court rethink a decision already made); <u>Atkins v. Marathon LeTourreau Co.</u>, 130 F.D.R. 625, 626 (S.D. Miss. 1990)(reconsideration should not be used simply to reargue matters that have already been disposed of by the court).

In this case, Craveiro is merely rearguing his claim regarding his alleged ability to challenge a state criminal conviction -- as it impacts his federal sentence -- under §2241 since §2255 is unavailable in light of the Supreme Court's <u>Daniels</u> and <u>Coss</u> holdings. Craveiro fails, however, to demonstrate that the Court made a manifest error of law that would permit him to challenge his conviction under §2241.

<u>Daniels</u> holds that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse" and the defendant cannot collaterally challenge his prior conviction under

3

§2255. 121 S.Ct. at 1583.[1]  Coss simply extends this holding to §2254 motions involving state prisoners.  121 S.Ct. 1567.

In light of Daniels and Coss, there is no reason to think the Supreme Court would authorize §2241 habeas petitions to be brought to raise collateral challenges barred under §2255 and §2244. In fact, the Third Circuit has held to the contrary. See United States v. Brooks, 230 F.3d 643 (3rd Cir. 2000)(holding that §2241 may not be used to escape the procedural limitations imposed by the AEDPA); In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997) (the fact that a defendant cannot satisfy the stringent gatekeeping requirements enacted by AEDPA does not render §2255 "inadequate or ineffective" so as to enable him to bring a §2241 habeas petition; to permit such "a holding would effectively eviscerate Congress's intent in amending §2255").

Accordingly, Craveiro has failed to demonstrate a manifest error of law and his motion for reconsideration should be denied.

---

[1] An exception exists only for Gideon claims -- where an indigent defendant was convicted without having counsel appointed for him/her. Daniels, ___ U.S. at ___, 121 S.Ct. at 1581, 1583-84 (citing Gideon v. Wainwright, 372 U.S. 335 (1963)). At that, a Gideon claim can be raised in a §2255 motion generally only after it was presented first at the defendant's sentencing proceeding. 121 S.Ct. at 1583-84 (citing United States v. Frady, 456 U.S. 152, 167-168 (1982)(holding that procedural default rules developed in the habeas corpus context apply in §2255 cases)). Craveiro is not making a Gideon claim in this case.

4

## Conclusion

For the above-stated reasons, petitioner's motion for reconsideration should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*[signature]*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY GRANT
Paralegal Specialist
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Date: July 3, 2001

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, JR.          :
      Petitioner           :   No. 1:CV-00-1714
                           :
      v.                   :   (Judge Caldwell)
                           :
UNITED STATES OF AMERICA;        :
WARDEN OF L.S.C.I. ALLENWOOD,    :
      Respondents          :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 3rd day of July, 2001, she served a copy of the attached

**RESPONDENTS' BRIEF IN OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Joseph M. Craveiro, Jr.
Reg. No. 02630-070
LSCI Allenwood
Box 1000
White Deer, PA 17887-1000

_____
SHELLEY GRANT
Paralegal Specialist