*See Attachment*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH M. CRAVEIRO, :
:
       Petitioner :
: CIVIL NO. 1:00-CV-1714
   v. :
: (Judge Caldwell)
USA, et al., :
:
       Respondents :

M E M O R A N D U M

I. Introduction.

Presently before the court is Petitioner's timely motion for reconsideration of our order, dated June 13, 2001, dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, Craveiro challenged the validity of a federal sentence he received in the District of Rhode Island on the basis that it was improperly enhanced pursuant to the Armed Career Criminal Act by an invalid 1978 Rhode Island state-court conviction. Craveiro claimed that ineffective assistance of counsel caused him to enter a guilty plea in the Rhode Island state court and he wanted to litigate that issue here in section 2241 proceedings.

---

[1] Petitioner invokes Fed. R. Civ. P. 60, but we will consider his motion under Fed. R. Civ. P. 59(e), dealing with motions to alter or amend.

In moving for reconsideration, Craveiro claims this court made an error of law in dismissing his habeas petition on the ground that he could not rely on section 2241 when he had not shown that 28 U.S.C. § 2255 was unavailable or ineffective. Finding that Craveiro has failed to demonstrate a manifest error of law, we will deny his reconsideration motion.

II. Discussion.

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental

-2-

Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Petitioner claims the court made an error of law. Specifically, Craveiro claims the United States Supreme Court's decisions in Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), indicate that section 2241 is the only way for him to make his constitutional challenge to his state-court conviction because they precluded the use of section 2255 (Daniels) and section 2254 (Coss), leaving section 2255 as inadequate and ineffective to test the legality of his detention and thus opening the door to section 2241.

However, as Respondents argue in their opposition brief, Craveiro has misinterpreted these cases. In Daniels, the petitioner sought to challenge in section 2255 proceedings a prior state-court conviction that had been used to enhance his federal sentence under 18 U.S.C. § 922(g) for being a felon in possession of a firearm. The Supreme Court refused to allow him to do so, holding on the merits that such a claim was not cognizable under section 2255. Its reasons were ease of administration (federal courts should not be forced to rummage through nonexistent or difficult to obtain state-court records) and finality of state-

-3-

court judgments. The Court also pointed out that the petitioner could have pursued available remedies, either state or federal, at the time the prior conviction had been imposed. Coss extended this reasoning to challenges under section 2254 to state-court convictions enhancing state sentences. Contrary to Craveiro then, these cases do not support his contention that section 2241 is an available remedy for him. They did not address that issue.

Further, as we also noted in our earlier memorandum, the same reasoning supporting the results in Daniels and Coss would also support refusing to entertain the claim in section 2241 proceedings. A court considering a section 2241 petition would be in the same situation as one considering a section 2255 motion, forced to rummage through nonexistent or difficult to obtain state-court records. Additionally, if we were to accept Petitioner's position, we would be nullifying Daniels; the federal defendant would simply use a 2241 petition.

We will issue an appropriate order.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: December 26, 2001

-4-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

December 26, 2001

Re: 1:00-cv-01714    Craveiro v. USA

True and correct copies of the attached were mailed by the clerk to the following:

```
Joseph M. Craveiro
LSCI-ALLENWOOD
Low Security Correctional Inst.
02630-070
P.O. Box 1000
White Deer, PA  17887

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa  17108
```

```
cc:
Judge                        (✓)          (✓) Pro Se Law Clerk
Magistrate Judge             ( )          ( ) INS
U.S. Marshal                 ( )          ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (✓)
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen   ( )    PA Atty Gen ( )
                                      DA of County  ( )    Respondents ( )
Bankruptcy Court             ( )
Other_____   ( )
```

MARY E. D'ANDREA, Clerk

DATE: __12/26/01__                                BY: __[signature]__
                                                      Deputy Clerk